## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CHAZE EMMANUEL VINCI**                                                 **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 1:22-CV-P19-GNS**

**JUDGE MARK THURMOND**                                           **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* civil action filed by Plaintiff Chaze Emmanuel Vinci. Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I.**

Plaintiff names Defendant Simpson County Judge Mark Thurmond as the Defendant in this action. Plaintiff does not indicate in what capacity he sues Judge Thurmond. Plaintiff first states that he was arrested and charged with burglary in the second degree and wanton endangerment. Plaintiff then alleges that following an "inpatient treatment stay" at a behavioral health hospital, Judge Martha Harrison released him on bail with no conditions. Plaintiff states that his case was then removed from "District to Circuit Court in Simpson County" and that Judge Thurmond became the presiding judge in his case.

Plaintiff states that on August 28, 2021, he:

> made a series of Instagram and Twitter posts that gained national attention in the press, attracting the political intrigue of his college, Stanford University, as well as that of the country. Highly controversial in nature, being such that they were quotations from the Bible applied to political realities, these posts divided their viewers into warring camps, with the plaintiff becoming an enemy in the eyes of many activities on the political left. A movement was started at Stanford University to expel Plaintiff from the school . . . . Advocates of the movement quickly phoned the offices of the Simpson County Detention Center and the Plaintiff's prosecuting attorney [] to alert them to their concerns with the posts.

Plaintiff next states that on August 30, 2021, he appeared before Judge Thurmond for a regularly scheduled pretrial conference. At this hearing, Plaintiff alleges that the prosecuting attorney "presented plaintiff's posts on social media as evidence that he was a threat to the community. No justification was given by the court or the prosecuting attorney as to what legal grounds they stood on to make such a claim." Plaintiff continues: "The Judge agreed and placed new bail conditions on Plaintiff, putting him on home incarceration with an ankle monitor system. A condition of his release dictated that [Plaintiff] have no contact with anyone from his university, at which he is and was a student, and that he could not use any electronic devices in his home or post on social media . . . ."

Plaintiff alleges that Judge Thurmond's actions violated his First Amendment right to freedom of speech. He also argues that Ky. Rev. Stat. § 431.520, which is titled "Release on personal recognizance or unsecured bail bond – Conditions of release," is unconstitutional.

As relief for these alleged violations of his rights, Plaintiff seeks dismissal of the state-court case against him; an order preventing Judge Thurmond and the prosecuting attorney "from retaliation by preventing revocation of bond or changes to conditions . . . before a verdict is entered in this court"; damages; and a declaration that Ky. Rev. Stat. § 431.520 is unconstitutional.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

3

advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Damages Claims

To the extent that Plaintiff is bringing an official-capacity claim against Judge Thurmond, the claim fails for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state official in his official-capacity, he fails to state a cognizable claim under § 1983. Any official-capacity claim against Judge Thurmond also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Moreover, to the extent that Plaintiff is suing Judge Thurmond in his individual capacity, he still fails to state a claim upon which relief may be granted. This is because judges are entitled

4

to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Thurmond in his judicial capacity and within his jurisdictional authority, any individual-capacity claim against Judge Thurmond is barred by judicial immunity.

### B. Requests for Declaratory and Injunctive Relief

The Court next addresses Plaintiff's request for the dismissal of the charges against him, a declaration that Ky. Rev. Stat. § 431.520 is unconstitutional, and an order preventing Judge Thurmond and the prosecuting attorney "from retaliation by preventing revocation of bond or changes to conditions . . . before a verdict is entered in this court."

There is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975). Thus, when a federal action deals with issues involved in a state court proceeding, the federal court must abstain until the conclusion of the state proceeding, absent extraordinary circumstances. *James v. Hampton*, 513 F. App'x 471, 473-74 (6th Cir. 2013) (citations omitted). The Supreme Court first considered the propriety of federal-court intervention in pending state criminal prosecutions in *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity

in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If these prongs are satisfied, a court should abstain from interfering in the state court action unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. at 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman v. Pursue*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Gorenc v. City of Westland*, 72 F. App'x 336, 338-39 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)).

All three *Younger* prongs are easily satisfied in this case. First, Plaintiff's criminal prosecution was ostensibly pending in Simpson County Circuit Court at the time he initiated this action. *See Federal Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) ("Under this rule, if a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied."). Second, a proceeding concerning the setting of bail restrictions unquestionably implicates important state interests. *See Younger*, 401 U.S. at 50. As to the third element, "we must presume that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)). The federal plaintiff "bear[s] the burden of showing that state procedural law barred presentation of [his] constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted). Here, Plaintiff has not

alleged that he is without an adequate state court remedy; that he has appealed his bail conditions; or that the Kentucky state courts would not fully and fairly litigate his constitutional claims

Plaintiff does argue, however, that two exceptions to the *Younger* abstention doctrine are present here. He first argues that Ky. Rev. Stat. § 431.520 is "flagrantly unconstitutional." For this exception to apply, the Court must find that the challenged statute is "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Moore v. Sims*, 442 U.S. at 424 (quoting *Younger*, 420 U.S. at 611). This exception is exceedingly narrow; in fact, "the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Zalman v. Armstrong*, 802 F.2d at 206; *see also Doe v. Univ. of Ky.*, 860 F.3d 365, 371 (6th Cir. 2017) (describing a plaintiff's burden to show flagrant unconstitutionality as a "high bar"). Here, Plaintiff argues that Ky. Rev. Stat. § 431.520 is unconstitutional because it is vague, overbroad, fails to pass strict scrutiny, and is unconstitutional on its face. He does not, however, contend the statute is unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Moore v. Sims*, 442 U.S. at 424 (quoting *Younger*, 420 U.S. at 611). Thus, the Court finds that this exception is not applicable.

Plaintiff also argues that there is "an extraordinarily pressing need for immediate federal equitable relief." He argues that this is so because the statute is "flagrantly unconstitutional." However, as just explained, Plaintiff has not shown that Ky. Rev. Stat. § 431.520 is "flagrantly unconstitutional." Thus, the Court finds this exception is likewise inapplicable.

Accordingly, the Court concludes that the *Younger* abstention doctrine prevents the Court from granting the declaratory and injunctive relief that Plaintiff seeks.

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: March 28, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4416.011